# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff/Respondent, | ) | |
| vs. | ) | Case No. 09-40024-01-JAR |
| | ) | Case No. 11-4123-JAR |
| ANTOINE CARDIN WILLIAMS, | ) | |
| Defendant/Petitioner. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Antoine Cardin Williams's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody (Doc. 123) and Motion to Appoint Counsel (Doc. 127). Petitioner claims that his counsel provided ineffective assistance. The government has responded, and Petitioner has filed a reply. After a careful review of the record and the arguments presented, the Court denies Petitioner's motions without further evidentiary hearing because the motion was not filed within the applicable statute of limitations and, even if it was timely, Petitioner has not met his burden in showing ineffective assistance of counsel.

## I.      Legal Standards

Under 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. . . .

An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[1] Petitioner must allege facts which, if proven, would warrant relief from his conviction or sentence.[2] An evidentiary hearing is not necessary where the factual allegations in a § 2255 motion are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[3]

Finally, Petitioner appears *pro se*. Therefore, his pleadings are to be construed liberally and not to the standard applied to an attorney's pleadings.[4] If a petitioner's motion can be reasonably read to state a valid claim on which he could prevail, a court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.[5] It is not, however, "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[6] For that reason, the court shall not supply additional factual allegations to round out a

---

[1] 28 U.S.C. § 2255(b)

[2] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995).

[3] *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Hatch*, 58 F.3d at 1471 ("the allegations must be specific and particularized, not general or conclusory"); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims which are merely conclusory in nature and without supporting factual averments).

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *Id*.

[6] *Id*.

petitioner's claims or construct a legal theory on his behalf.[7]

## II.     Statement of the Case and Procedural Background

On October 20, 2009, Petitioner entered a guilty plea to Counts 1, 3, 4, 6, and 8 of an Indictment charging him with (1) distribution of a controlled substance (Count 1), (2) aggravated robbery of a federal agent (Count 3), (3) using and brandishing a weapon during and in relation to a crime of violence (Count 4), (4) aggravated assault on a federal agent (Count 6), and (5) possession of a firearm by a prohibited person (Count 8). Petitioner's counsel then requested a mental evaluation of Petitioner before sentencing. Dr. George Hough evaluated Petitioner and created a report on his mental functioning. On March 9, 2010, after considering Dr. Hough's report as well as the presentence investigation report, sentencing memorandum, and other information before the Court, the Court sentenced Petitioner to serve a total sentence of 204 months in custody.

On March 22, 2010, Petitioner filed a Notice of Appeal. On his direct appeal, Petitioner argued that his sentence was not reasonable and that he had not knowingly and voluntarily waived his appellate rights. The Tenth Circuit dismissed Petitioner's appeal, granting the Government's motion to enforce the appeal waiver and explaining that Petitioner had not met the burden of showing that his waiver of appellate rights was not knowing and voluntary. The Tenth Circuit entered this order on June 22, 2010. Defendant then filed his § 2255 motion on October 3, 2011.

## III.    Discussion

---

[7] *See Whitney v. State of New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

Petitioner claims that he is entitled to relief under § 2255 because his counsel provided ineffective assistance by not requesting a competency hearing before the change-of-plea hearing and thus depriving Petitioner of his Sixth Amendment right to counsel and his Fifth Amendment right to due process of law. Petitioner also suggests that counsel was ineffective because she failed to explain the waiver of appellate rights in his plea agreement and because she advised him to admit everything at the change-of-plea hearing. The Government responds, arguing that the motion must be dismissed because it was filed outside of the statute of limitations and is thus time-barred. The Government also argues that Petitioner cannot succeed on the merits because his counsel's performance was not deficient and even if it was, Petitioner suffered no prejudice.

### A. Statute of Limitations

The Court first addresses the Government's argument that Petitioner's motion is time-barred. A defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which establishes a one-year limitations period for federal prisoners seeking habeas relief.[8] This statute provides that a defendant has one year from the date that his judgment of conviction became final to file his § 2255 motion.[9] "[A] criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires."[10] The time for filing a certiorari petition expires ninety days after the date of entry of the judgment or order

---

[8] *See* 28 U.S.C. § 2255, ¶ 6.

[9] *Id.* at ¶ 6(1).

[10] *United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006) (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)).

sought to be reviewed,[11] and so if no petition for certiorari is filed after an appellate judgment, the conviction becomes final ninety days after the entry of that judgment.

In this case, Petitioner did not file a petition for certiorari after the Tenth Circuit's June 22, 2010 entry of judgment affirming his sentence. Thus, Petitioner's judgment of conviction became final ninety days later on September 20, 2010, and the statute of limitations on his § 2255 motion ran on September 20, 2011. Petitioner, however, filed his motion on October 3, 2011. And so his § 2255 motion is untimely under the AEDPA.

Petitioner recognizes that his § 2255 motion is untimely but asserts that he is entitled to equitable tolling of the statute of limitations because of the exceptional circumstances caused by his mental disabilities. The Court disagrees with Petitioner. "AEDPA's one-year statute of limitations is subject to equitable tolling but only 'in rare and exceptional circumstances.'"[12] Generally, to justify equitable tolling, a petitioner must establish that he has been diligent in pursuing his rights and "'that some extraordinary circumstance stood in his way.'"[13] "Equitable tolling of a limitations period based on mental incapacity is warranted only in exceptional circumstances that may include adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not 'capable of pursuing his own claim' because of mental incapacity."[14] Petitioners bear a strong burden to show specific facts that support the

---

[11]*See* Sup. Ct. R. 13(3).

[12]*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[13]*Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327 (2007)).

[14]*Wiegand v. Zavares*, 320 F. App'x 837, 839 (10th Cir. 2009) (quoting *Biester v. Midwest Health Serv., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996)).

5

claim of exceptional circumstances.[15]  Generally, allegations of mental incompetence alone are insufficient to justify equitable tolling of the statute of limitations.[16]

To justify equitable tolling, Petitioner does not claim that he was adjudicated incompetent or that he was institutionalized for mental incapacity.  Instead, to prove that he is unable to pursue his own claim, Petitioner points the Court to his history of mental disability, his history of being "duped" by others, including his codefendant and other inmates in prison, his responses at the change-of-plea hearing, and the discussion of Dr. Hough's report at the sentencing hearing, during which the Court stated the report showed that Petitioner had low cognitive function.  Petitioner argues that these facts show that he was incompetent at the change-of-plea hearing and is incompetent today.  These facts, however, are insufficient to allow Petitioner to meet his heavy burden to show exceptional circumstances.  While Petitioner's references to the record show that he has low cognitive function, nothing in the record shows that Petitioner is now or has ever been incompetent or unable to pursue his claims because of mental incapacity.

Indeed, the record supports a determination that Petitioner is competent to pursue his claim.  Petitioner claims that his mental function remains the same today as it was at the change-of-plea hearing.  At the change-of-plea hearing, after a lengthy plea colloquy, the Court specifically found that Petitioner was competent to enter a plea of guilty:

> The Court is satisfied and finds that the defendant, Antoine Cardin Williams, is mentally competent at today's hearing and was at the time of the commission of the offense.  The Court finds that Mr. Williams enters his plea on an informed basis.  He's had the advice of experienced and competent counsel, supplemented by his colloquy with the Court

---

[15] *Yang*, 525 F.3d at 928.

[16] *Wiegand*, 320 F. App'x at 839.

> today. The Court is satisfied and finds that Mr. Williams is aware of the factual and evidentiary basis for the charges, he's aware of his right to a jury trial, the process and procedures of the Court, he's aware of the potential civil rights and sentencing consequences of pleading guilty to these charges. I find that the plea is knowingly and voluntarily made and further find that it is supported by an independent basis in fact containing each of the essential elements of the offense.[17]

Nothing presented by Petitioner proves that this determination was incorrect. Accordingly, the Court finds that Petitioner has not met his burden to show specific facts of exceptional circumstances that justify equitable tolling of the statute of limitations. Thus, Petitioner's untimely § 2255 motion is time-barred, and the Court denies it.

### B. Ineffective Assistance of Counsel

Even assuming that Petitioner timely filed his § 2255 motion, the Court would nonetheless find that the record conclusively demonstrates that Petitioner is not entitled to relief. In his § 2255 motion, Petitioner claims that his counsel provided ineffective assistance, resulting in a deprivation of his rights. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."[18] A successful claim of ineffective assistance of counsel must meet the two-pronged test set forth in *Strickland v. Washington*.[19] First, a defendant must show that his counsel's performance was deficient in that it "fell below an objective standard of reasonableness."[20] To meet this first prong, a defendant must demonstrate that the omissions of his counsel fell

---

[17]Doc. 117, at 46–47.

[18]U.S. Const. amend. VI; *Kansas v. Ventris*, 556 U.S. 586, 129 S. Ct. 1841, 1844 (2009).

[19]466 U.S. 668 (1984).

[20]*Id*. at 688.

7

"outside the wide range of professionally competent assistance."[21] This standard is "highly demanding."[22] Strategic or tactical decisions on the part of counsel are presumed correct, unless they were "completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy."[23] In all events, judicial scrutiny of the adequacy of attorney performance must be strongly deferential: "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[24] Moreover, the reasonableness of the challenged conduct must be evaluated from counsel's perspective at the time of the alleged error; "every effort should be made to 'eliminate the distorting effects of hindsight.'"[25]

Second, a defendant must show that his counsel's deficient performance actually prejudiced his defense.[26] To prevail on this prong, a defendant "must show there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different."[27] A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome."[28] This, in turn, requires the court to focus on "the question whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding

---

[21]*Id*. at 690.

[22]*Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

[23]*Fox v.Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quotation and citations omitted).

[24]*Strickland*, 466 U.S. at 689.

[25]*Edens v. Hannigan*, 87 F.3d 1109, 1114 (10th Cir. 1996) (quoting *Strickland*, 466 U.S. at 689).

[26]*Strickland*, 466 U.S. at 687.

[27]*Id*. at 694.

[28]*Id*.

8

fundamentally unfair."[29] When ineffective assistance of counsel is alleged to have occurred at the plea stage, the defendant must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process."[30]

A defendant must demonstrate both *Strickland* prongs to establish a claim of ineffective assistance of counsel, and a failure to prove either one is dispositive.[31] "The performance component need not be addressed first. 'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'"[32]

Petitioner claims that his counsel's deficient performance occurred when she failed to request a competency hearing before the change-of-plea hearing. While not the main focus of his argument, Petitioner also suggests that counsel was deficient by failing to adequately explain the appellate waiver and by telling him, before the change-of-plea hearing and during the recess in the hearing, "to just admit to everything the judge asks him." For each allegation, Petitioner has failed to meet the burden required by *Strickland*.

### 1. Failure to Request a Competency Hearing Before Change of Plea

Petitioner contends that his counsel provided ineffective assistance because she did not request evaluation and a competency hearing under 18 U.S.C. § 4241 before the change-of-plea hearing. While his counsel did not request an evaluation before the change-of-plea hearing, she requested a mental evaluation before sentencing, which is within the time frame specified by

---

[29]*Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

[30]*Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

[31]*Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

[32]*Id.* (quoting *Strickland*, 466 U.S. at 697); *see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

9

§ 4241 for a motion to determine competency. By requesting a mental evaluation of Petitioner and providing the court with a copy of the report, Petitioner's counsel obviated any deficiency in her performance caused by the failure to request a competency hearing before the plea. This evaluation request before sentencing fulfilled her duty to Petitioner. Thus, his counsel's performance did not fall below the objective standard of reasonableness.

Additionally, Petitioner cannot show any prejudice caused by counsel's failure to request a competency hearing before the change-of-plea hearing. First, during the lengthy colloquy in the change-of-plea hearing the Court had the opportunity to discuss with Petitioner the charges against him. At the end of the hearing, the Court found that Petitioner was mentally competent to enter a plea and that he understood the process and procedures of the court and the potential civil and sentencing consequences of pleading guilty. Second, the mental evaluation report prepared by Dr. Hough was provided to the Court before sentencing, and the Court considered the report before determining the appropriate sentence for Petitioner. At the sentencing hearing, the Court discussed Petitioner's low cognitive function but did not find him incompetent—low cognitive function does not necessarily mean that Petitioner was incompetent.[33] If the Court had reasonable cause to believe that Petitioner was not mentally competent, it was required, under 18 U.S.C. § 4241, to order a competency hearing on its own. But after reviewing Dr. Hough's report, the Court did not order a hearing to revisit the competency determination made at the change-of-plea hearing and instead proceeded to the sentencing phase. Thus, Petitioner cannot show that the outcome of the plea process would have changed had his counsel requested an

---

[33]*See Wolf v. United States*, 430 F.2d 443, 445 (10th Cir. 1970) ("The presence of some degree of mental disorder in the defendant does not necessarily mean that he is incompetent to knowingly and voluntarily enter a plea.").

evaluation and competency hearing before the change-of-plea hearing, and therefore Petitioner has failed to establish either prong under *Strickland*.

### 2. Counsel's Advice to "Admit Everything" at the Change-of-Plea Hearing

Petitioner also suggests that counsel was ineffective because before the change-of-plea hearing and during the recess she told him to "just admit everything" at the change-of-plea hearing. Even if his counsel gave him this advice, the record shows that it had no effect on the plea process and thus caused no prejudice. Several times during the change-of-plea hearing, Petitioner refused to "admit everything." When the Court asked Petitioner about Count 3, he stated that he disagreed with what had been said by the prosecution. The Court had a lengthy discussion about Count 3 to ascertain exactly what Petitioner would admit and what he refused to admit. And again when the Court asked Petitioner about Count 6, Petitioner sought to clarify exactly what he was admitting. Thus, even if Petitioner's counsel told him to "just admit everything," Petitioner still took the opportunity to disagree with statements made at several points in the hearing.

Additionally, during the plea colloquy, the Court determined that Petitioner entered the plea of his own free will:

> THE COURT: All right. Whose decision was it for you to enter into this plea agreement?
> THE DEFENDANT: Mine.
> THE COURT: Did anyone pressure you or force you or threaten you, coerce you, anything like that to get you to enter into the plea agreement?
> THE DEFENDANT: No, ma'am.
> THE COURT: Would it be fair to say that you made the decision voluntarily and of your own free will?
> THE DEFENDANT: Yes, ma'am.[34]

---

[34]Doc. 117, at 7–8.

These statements by Petitioner made under oath directly contradict his claim that he was pressured by his counsel. And this exchange with the Court shows that even if his counsel told him to "just admit everything," that advice did not affect the outcome of the plea process. As a result, Petitioner has failed to meet the requirements of *Strickland* with this allegation.

### 3. Failure to Explain Appellate Waiver

Petitioner further asserts that his counsel never explained to him the appellate rights that he waived in the plea agreement. Again, even if true, Petitioner suffered no prejudice as a result of this failure because the plea colloquy sufficiently informed Petitioner of the rights he was waiving and ensured that his waiver of those rights was knowing and voluntary. In fact, the Tenth Circuit in the direct appeal found that both the plea colloquy and the plea agreement indicate that Petitioner "was informed of his appeal waiver and that he knowingly and voluntarily accepted it."[35] Petitioner offered no new evidence to require a different analysis here. Therefore, any failure of counsel to explain the waiver of his appellate rights did not affect the plea process, and he has thus failed to meet the requirements of *Strickland* with this allegation as well.

Even if the Petitioner's § 2255 motion were timely, the Court would deny Petitioner's motion because he has not met the burden of showing ineffective assistance of counsel under the requirements of *Strickland* for any of his allegations for ineffective assistance. Nonetheless, Petitioner's § 2255 motion is time-barred, and thus the Court must deny the motion.

---

[35]Doc. 122, at 4.

## IV. Motion to Appoint Counsel

Rule 8(c) of the Rules Governing Section 2255 Proceedings requires a court to appoint counsel if an evidentiary hearing is warranted. A court may also appoint counsel under 18 U.S.C. § 3006A(a)(2) if the interests of justice so require. Here, the Court has determined that no evidentiary hearing is necessary and therefore it need not appoint counsel under Rule 8. Similarly, the Court finds that appointment of counsel is not necessary under § 3006A(a)(2). Petitioner's claims have been fully briefed in both the § 2255 motion and the reply brief. And the briefs and the record conclusively demonstrate that Petitioner is not entitled to relief. Thus, the interest of justice do not require appointment of counsel, and the Court therefore denies Petitioner's motion to appoint counsel.

## V. Certificate of Appealability

Rule 11 of the of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[36] A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[37] When the adverse finding is based on procedural grounds, the petitioner must also show "'that jurists of reason would find it debatable whether the district court was correct in its procedural

---

[36] 28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issue a COA. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[37] *Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

13

ruling.'"[38] While Petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith."[39] "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it."[40] For reasons detailed above, Petitioner had not made a substantial showing of the denial of a constitutional right, and the Court denies a COA.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody (Doc. 123) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel (Doc. 127) is **DENIED**.

**IT IS SO ORDERED**.

Dated: January 5, 2012

                                          S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          UNITED STATES DISTRICT JUDGE

---

[38] *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

[39] *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[40] *Id.* at 336.