# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff/Respondent, ) <br> ) <br> vs. ) <br> ) <br> ANTOINE CARDIN WILLIAMS, ) <br> ) <br> Defendant/Petitioner. ) <br> _____) | Case No. 09-40024-01-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Antoine Cardin Williams's Motion for a Certificate of Appealability (Doc. 132). On January 5, 2012, the Court denied Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody. Petitioner now requests that the Court grant him a certificate of appealability so that he may appeal the Court's denial of his § 2255 motion. The Court refers Petitioner to the Court's Memorandum and Order denying Petitioner § 2255 relief, in which the Court determined that Petitioner was not entitled to a certificate of appealability because he had not made a substantial showing of the denial of a constitutional right. As the Court has already denied Petitioner a certificate of appealability, his motion is moot and the Court denies it as such.

To the extent that Petitioner's motion is a motion for reconsideration of the Court's denial of a certificate of appealability, the Court also denies Petitioner's motion. Local Rule 7.3(a) provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."[1] A motion to reconsider filed within 28

---

[1] D. Kan. Rule 7.3(a).

days after the entry of judgment is considered a Rule 59(e) motion.[2] If the motion is served after that time, it falls under Rule 60(b). In this case, Petitioner's motion was not filed within 28 days of the Court's judgment and the Court therefore construes it as a motion under Rule 60(b).[3]

Relief under Rule 60(b) is discretionary and only warranted if the petitioner can satisfy one or more of Rule 60(b)'s grounds for relief from judgment. Rule 60(b) provides that the Court may grant relief for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(5) any other reason that justifies relief.

A petitioner may not use a motion under Rule 60(b) to revisit the same issues already addressed and dismissed by the court.[4] Nor may a petitioner use the motion to advance new arguments or supporting facts that were available when the petitioner briefed the original motion.[5]

Petitioner presents no valid legal argument to warrant relief from the Court's order. Instead, he repeats arguments and allegations regarding his counsel's failure to request a competency hearing before his change of plea hearing and his mental competency, which were raised in his § 2255 motion. Petitioner's assertions merely rehash his previous arguments and

---

[2]*See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1999). The deadline to file a Rule 59 motion has changed from 10 days after the entry of judgment to 28 days after the entry of judgment. Fed. R. Civ. P. 59(e).

[3]*Van Skiver*, 952 F.2d at 1243.

[4]*Id.*

[5]*Id.*

are insufficient to warrant relief from judgment under Rule 60(b). Accordingly, Petitioner's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Antoine Cardin Williams's Motion for a Certificate of Appealability (Doc. 132) is DENIED.

**IT IS SO ORDERED.**

Dated: March 15, 2012

 S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE